FINN SEA FOOD CO., INC. *vs.* DISTRICT COURT OF THE

FOURTH JUDICIAL DISTRICT *et al.*

APRIL 13, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

O'CONNELL, J. This petition for a writ of certiorari was brought by the defendant in a criminal complaint and seeks to quash the record of the district court of the fourth judicial district binding the defendant over to the grand jury for the county of Kent. The basis of the petition is the claim that the action of said district court in the complaint entitled State vs. Finn Sea Food Co., Inc., No. 51379, was illegal and beyond its jurisdiction. The writ was issued and pursuant thereto all pertinent records have been certified to this court.

It appears therefrom that on September 28, 1954 the Finn Sea Food Co., Inc., hereafter referred to as the defendant, was arraigned before the fourth judicial district court on a complaint and warrant charging that it "Not being affected by the provisions of Section 2 of Chapter 236 of the General Laws of Rhode Island, 1938, as amended, did have in its custody or possession a large number of quahaugs, to wit; 696 quarts of quahaugs, each of said quahaugs being less than one and one-half inches in diameter, taking the smallest diameter."

The defendant stood mute and a plea of not guilty was entered by the court on its behalf. The case was continued to October 7, 1954 and on that date, after hearing, defendant was adjudged probably guilty and was bound over to the October 1954 session of the grand jury. Thereupon defendant presented the instant petition to this court.

While the petition was pending here, the state moved to

dismiss this proceeding on the ground that the question presented had become moot by reason of a subsequent indictment returned against the defendant by the Kent county grand jury and that such question could be presented to the superior court where the indictment was pending and was to be tried. In a decision from the bench we denied such motion but directed that the issue here be narrowed to the power of the district court to bind over the defendant in the circumstances appearing of record.

It is well settled that the granting of a petition for certiorari is not a matter of right but rests in the sound judicial discretion of the court. Generally speaking it is not granted when a petitioner has an adequate remedy at law. After a careful consideration of the petition, briefs and arguments of the parties, we are of the opinion that petitioner has an adequate remedy at law. Indeed such remedy may well be more complete and advantageous to it than is obtainable under the instant petition. For example, if this petition should be granted it would merely quash the record of the district court and would not affect the pending indictment. On the other hand, petitioner may set up in the superior court as a defense to the indictment such grounds as will raise all questions herein presented. It may do this either by a motion to quash or by special plea.

Conceivably the superior court might grant a motion to quash or sustain such plea, in which event the matter would be terminated in favor of defendant. If the action of the superior court should be adverse to defendant it would still have a right of review by this court on a bill of exceptions and our decision thereon would terminate the litigation completely. On the other hand, if we granted the instant petition our decision would only quash the district court's record, thus giving only partial relief because further litigation would be necessary with reference to the pending indictment.

For the reasons stated, the petition for certiorari is de-

nied and dismissed without prejudice, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the clerk of the respondent District Court of the Fourth Judicial District.

*Michael DeCiantis,* for petitioner.

*William E. Powers,* Atty. Gen., *Edward F. J. Dwyer,* Ass't Atty. Gen., for State.